1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN WAYNE DICKINSON, | No. 1:15-CV-03167-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF No. 15, 16.  Attorney Dana C. Madsen represents Steven Wayne Dickinson (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 7.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits (DIB) on February 10, 2012, alleging disability as of January 23, 2011, due to a bipolar

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

disorder, hepatitis C, high blood pressure, and carpal tunnel syndrome.  Tr. 179-188, 212.  The application was denied initially and upon reconsideration.  Tr. 119-121, 126-130.  Both the Notice of Hearing and the ALJ's decision references an application for Supplemental Security Income (SSI) being filed on April 8, 2013.  Tr. 18, 142.  However, the record only contains an application for SSI filed on February 12, 2012.[1]  Tr. 189-194.  Administrative Law Judge (ALJ) Donna L. Walker held a hearing on August 13, 2014, at which Plaintiff,[2] medical expert, Harvey Alpern, M.D., medical expert David Myers, Ph.D., and vocational expert, Daniel McKinney, testified.  Tr. 34-67.  At the hearing, Plaintiff amended his onset date to June 23, 2011.  Tr. 40-41.  The ALJ issued an unfavorable decision on September 11, 2014, denying both the DIB and SSI applications.  Tr. 18-29.  The Appeals Council denied review on August 14, 2015.  Tr. 1-6.  The ALJ's September 11, 2014, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on September 22, 2015.  ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 56 years old at the date of onset.  Tr. 181.  Plaintiff reported that he attended two years of college, completing the second year in 1976.  Tr. 213.  He last worked in January 2011 and reported that he stopped working due to his conditions, stating "[m]y boss fired me for being too negative, unpredictable, and

---

[1]Upon remand, the ALJ is instructed to determine which application for SSI is being adjudicated and supplement the record with the April 8, 2013, application if necessary.

[2]Plaintiff was represented by counsel.  Tr. 34-67.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

unable to work well under pressure." Tr. 212.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments

prevent him from engaging in his previous occupations.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 11, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 23, 2011, the amended date of onset.  Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments:  depression and anti-social personality disorder.  Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 21.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a full range of work at all exertional levels but with the following nonexertional imitations: "he can perform simple, routine repetitive tasks, away from the general public with the ability to work in proximity to, but not in close cooperation with, others.  Tr. 23.  The ALJ identified Plaintiff's past relevant work as "folder glue operator" and "creasing and cutting press feeder" and concluded that Plaintiff was able to perform the past relevant work of "creasing and cutting press feeder."  Tr. 27-28.

In the alternative to a step four denial, the ALJ made a step five determination that, considering Plaintiff's age, education, work experience and

residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of small products assembler II and hand packager.  Tr. 28-29.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 23, 2011,[3] through the date of the ALJ's decision, September 11, 2014.  Tr. 29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical source statements in the record, and (2) failing to properly consider Plaintiff's credibility.

## DISCUSSION

**A.    Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by John Arnold, Ph.D., Sean Smitham, Ph.D., and David A. Myers, Ph.D.  ECF No. 15 at 15-16.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant;

_____

[3]The ALJ's decision states "[t]he claimant has not been under a disability, as defined in the Social Security Act, from January 23, 2011, through the date of this decision."  Tr. 29.  It appears that the ALJ's reference to January 23, 2011, is a scribner's error as the ALJ references Plaintiff's alleged date of onset being amended to June 23, 2011, elsewhere in the decision and the hearing transcript shows the ALJ and Plaintiff's counsel discussed June 23, 2011, as the amended date of onset.  Tr. 20, 40-41.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

1    and, (3) nonexamining physicians who neither treat nor examine the claimant.

2    *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more

3    weight to the opinion of a treating physician than to the opinion of an examining

4    physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  The ALJ should give

5    more weight to the opinion of an examining physician than to the opinion of a

6    nonexamining physician.  *Id.*

7         When a treating physician's opinion is not contradicted by another

8    physician, the ALJ may reject the opinion only for "clear and convincing" reasons.

9    *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a treating

10   physician's opinion is contradicted by another physician, the ALJ is only required

11   to provide "specific and legitimate reasons" for rejecting the opinion of the first

12   physician.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  Likewise, when

13   an examining physician's opinion is not contradicted by another physician, the

14   ALJ may reject the opinion only for "clear and convincing" reasons.  *Lester*, 81

15   F.2d at 830.  When an examining physician's opinion is contradicted by another

16   physician, the ALJ is only required to provide "specific and legitimate reasons" for

17   rejecting the opinion of the examining physician.  *Id.* at 830-831.

18        The specific and legitimate standard can be met by the ALJ setting out a

19   detailed and thorough summary of the facts and conflicting clinical evidence,

20   stating his interpretation thereof, and making findings.  *Magallanes v. Bowen*, 881

21   F.2d 747, 751 (9th Cir. 1989).  The ALJ is required to do more than offer his

22   conclusions, he "must set forth his interpretations and explain why they, rather

23   than the doctors', are correct."  *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir.

24   1988).

25   **1.    John Arnold, Ph.D.**

26        On March 15, 2013, Dr. Arnold completed an evaluation of Plaintiff for the

27   Washington Department of Social and Health Services (DSHS).  Tr. 618-624.  Dr.

28   Arnold diagnosed Plaintiff with bipolar I disorder and antisocial personality

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

disorder with paranoid features.  Tr. 619.  He opined that Plaintiff had a moderate[4] limitation in the following abilities: (1) understand, remember, and persist in tasks by following very short and simple instructions, (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, (3) perform routine tasks without special supervision, (4) adapt to changes in a routine work setting, (5) be aware of normal hazards and take appropriate precautions, (6) ask simple questions or request assistance, (7) communicate and perform effectively in a work setting, (8) complete a normal work day and work week without interruptions from psychologically based symptoms, (9) maintain appropriate behavior in a work setting, and (10) set realistic goals and plan independently.  Tr. 620.

At the hearing, Plaintiff's counsel proposed a hypothetical to the vocational expert in which an individual had a moderate limitation in the above ten abilities with moderate being defined as it was on the DSHS form.  Tr. 65-67.  The vocational expert stated that "[a] person with that profile and that definition of moderate would not be able to maintain any form of competitive employment and would have only access to sheltered work at best."  Tr. 66-67.

The ALJ gave Dr. Arnold's opinion "significant weight" because he had the opportunity to meet with and to examine Plaintiff, his opinion was based on firsthand observations, and the opinion was consistent with the opinions of Dr. Smitham and with Dr. Myers.  Tr. 26.

Despite giving Dr. Arnold's testimony "significant weight" and the vocational expert testifying that a person with the profile opined by Dr. Arnold would be unable to perform competitive work, the ALJ gave Plaintiff a residual functional capacity with limitations only in the abilities to perform simple tasks

---

[4] "'Moderate' means there are significant limits on the ability to perform on or more basic work activity."  Tr. 620.

and interact with the general public and with others.  Tr. 23.  Essentially, by failing to find any limitations in the ability to perform tasks without special supervision, adapt to changes in the work setting, be aware of hazards, ask simple questions, communicate and perform effectively, complete a normal work day and work week, and set realistic goals, the ALJ rejected Dr. Arnold's opinion.  Here, the ALJ failed to provide any reason why Dr. Arnold's opinion, even a portion of it, was rejected.  Therefore, the ALJ errored in her treatment of Dr. Arnold's opinion.

### 2.    Sean Smitham, Ph.D.

On August 17, 2012, Dr. Smitham completed a consultative examination, in which he diagnosed Plaintiff with bipolar disorder and antisocial personality disorder.  Tr. 524.  Dr. Smitham opined that Plaintiff had (1) no limitation in the ability to understand, remember, and follow simple (one or two step) instructions, (2) a mild to marked limitation in the ability to understand, remember, and follow complex (multistep) instructions, (3) a none to moderate limitation in the ability to learn to tasks, depending on the task, (4) a mild to marked limitation in the ability to exercise judgment and make decisions, (5) no limitation in the ability to perform routine tasks, (6) a mild to marked limitation in the ability to relate appropriately to co-workers and supervisors, (7) a mild to marked limitation in the ability to interact appropriately in public contexts, (8) a mild to marked limitation in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work environment, and (9) a mild to marked limitation in the ability to maintain appropriate behavior in a work setting.[5]  Tr. 524-525.  Additionally, Dr. Smitham stated the following:

> Despite the mental impairments noted above, the patient still has the ability to reason, understand and remember.  Psychological factors may interfere with the patient's ability to sustain concentration and persist with tasks.  Psychological factors may also interfere with social interactions and the patient's ability to flexibly adapt to changes in a work setting.  However, the patient is capable of improving in these

---

[5]The terms mild, moderate, and marked were undefined.  Tr. 524-525.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

areas via learning or strengthening coping skills.

Tr. 525.

The ALJ gave Dr. Smitham's opinion "significant weight" because he had the opportunity to meet and examine Plaintiff, his opinion was based on firsthand observations, and the opinion was consistent with the opinions of Dr. Arnold and Dr. Myers.  Tr. 26.

Again, despite giving Dr. Smitham's testimony "significant weight," the ALJ gave Plaintiff a residual functional capacity including only limitations in the abilities to perform simple tasks and interact with the general public and with others.  Tr. 23.  By failing to find any limitations in the ability to learn new tasks, exercise judgement, respond appropriately to and tolerate the pressures and expectations of a normal work environment, and maintain appropriate behavior, the ALJ rejected Dr. Smitham's opinion.  Again, the ALJ failed to provide any reasons why Dr. Smitham's opinion, even a portion of it, was rejected.  Therefore, the ALJ errored in her treatment of Dr. Smitham's opinion.

### 3.    David A. Myers, Ph.D.

Dr. Myers testified at the August 13, 2014, hearing.  Tr. 44-53.  He stated that the diagnosis of bipolar disorder was questionable, and he did not "see the evidence in the record of any change from when he - - change in his psychological condition from when he could work to now."  Tr. 49-50.  Dr. Myers stated that Plaintiff could perform eight hours a day, five days a week on a sustained basis in a competitive environment.  Tr. 51.  Dr. Myers did not give a narrative residual functional capacity opinion.  Tr. 44-53.

The ALJ gave Dr. Myers' opinion "significant weight" because he was familiar with Social Security regulations and rulings, his opinion was based on a complete review of the medical records, and it was consistent with the findings and opinions of Dr. Smitham and Dr. Arnold.  Tr. 26.

The ALJ repeatedly held that the opinions of Dr. Myers, Dr. Smitham, and

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

Dr. Arnold were consistent.  Tr. 26.  However, a review of these three opinions show they are anything but consistent.  On two opposite ends, Dr. Myers opined Plaintiff could return to his past work and Dr. Arnold's opinion resulted in no jobs when presented in a hypothetical to the vocational expert.  Finally, Dr. Smitham's opinion appears to fall somewhere between these two extremes.  Considering the ALJ based her residual functional capacity determination on the premise that these three opinions were consistent, the ALJ erred in her treatment of all three of the medical opinions.

Due to the ALJ's errors in the treatment of Dr. Arnold's, Dr. Smitham's, and Dr. Myers' opinions, the case is to be remanded for additional proceedings, in which the ALJ is instructed to readdress the medical opinions in the record, resolve any inconsistencies in the opinions and provide legally sufficient reasons for why any opinion, or any portion of any opinion, is not incorporated into the residual functional capacity determination.  Furthermore, the ALJ is instructed to review Dr. Smitham's opinion in light of 20 C.F.R. §§ 404.1519o(b), 416.919o(b), since it appears the consultative examination report does not have a signature as specified under 20 C.F.R. §§ 404.1519n(e), 416.919n(e) and POMS DI 22510.015C.

**B.    Credibility**

Plaintiff contests the ALJ's adverse credibility determination in this case.  ECF No. 15 at 11-14.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

1      The ALJ found Plaintiff less then fully credible concerning the intensity,

2   persistence, and limiting effects of his symptoms.  Tr. 23, 25.  The ALJ compared

3   Plaintiff's statements regarding his limitations as noted by medical personnel,

4   together with his similar statements at the hearing, to medical records describing

5   his mental status and improvement with treatment.  Tr. 23-26. While it may be that

6   Plaintiff's statements were not consistent with these medical records, this

7   comparison cannot alone support an adverse credibility finding.  *See Rollins v.*

8   *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (while objective medical evidence is

9   a "relevant factor in determining" the severity of the claimant's symptoms and

10  their disabling effects, it cannot serve as the sole ground for rejecting a claimant's

11  credibility).

12      Inconsistencies with the medical evidence was the sole reason the ALJ

13  rejected Plaintiff's credibility.  This alone is not sufficient to support an adverse

14  credibility determination.  Therefore, the ALJ is instructed to readdress Plaintiff's

15  credibility on remand.

**REMEDY**

16

17      The decision whether to remand for further proceedings or reverse and

18  award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,

19  888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate

20  where "no useful purpose would be served by further administrative proceedings,

21  or where the record has been thoroughly developed," *Varney v. Secretary of Health*

22  *& Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused

23  by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280

24  (9th Cir. 1990).  *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)

25  (noting that a district court may abuse its discretion not to remand for benefits

26  when all of these conditions are met).  This policy is based on the "need to

27  expedite disability claims." *Varney*, 859 F.2d at 1401.  But where there are

28  outstanding issues that must be resolved before a determination can be made, and it

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly consider and weigh the medical opinions in the record and to determine Plaintiff's credibility regarding his symptom reporting. The ALJ is further instructed to supplement the record with any outstanding medical evidence and elicit testimony from a vocational expert if a step four and step five determination is necessary.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1.     Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

2.     Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.     Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED July 19, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE